IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LADONNA A. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, COUNTY OF DOUGLAS,<br><br>Defendant(s). | 8:19CV484<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff claims her children were wrongfully removed from her custody on July 24, 2016, and her parental rights were wrongfully terminated on June 18, 2018. (Filing 1, p. 4.) She alleges that "since I hadn't provided a urinalysis when requested, false information was provided to the courts and to the police department, implicating that the children were in immediate danger, prompting them to be removed from my care …. The CPS intake workers provided false information and statements from my daughters when they were interviewed but presented them as factual," which "had an impact on the courts decisions …." (Filing 1, p. 6.) Plaintiff requests that the decision terminating her parental rights be reversed and that her children be returned to her custody. (Filing 1, p. 5.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e).

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28* U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

Jurisdiction is a threshold issue for this court. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Fed. R. Civ. P. 12(h)(3) ( "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

One limit on the court's subject matter jurisdiction is a legal principle known as the *Rooker-Feldman* doctrine, which provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931

(8th Cir. 2005); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The principle recognizes the contours of state and federal jurisdiction underlying our federalism system by prohibiting "lower federal courts from exercising jurisdiction over actions seeking review of, or relief from, state court judgments." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 816 (8th Cir. 2019). Put another way, a party who loses in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

Apart from and in addition to the *Rooker-Feldman* doctrine, a legal principle known as the domestic relations exception to federal jurisdiction also stands as an independent bar to federal subject matter jurisdiction. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). With respect to family law matters, the domestic relations exception divests the federal courts of jurisdiction over a narrow range of cases implicating domestic relations issues, such as divorce, allowance of alimony, child custody, and child support. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861. This doctrine precludes federal suit involving "a remedy which is essentially domestic— where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." *Wallace*, 736 F.3d at 767. No matter how styled, the domestic relations exception disallows domestic claims "cloaked in the 'trappings' of another type of" a federal claim. *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078-79 (5th Cir. 1990)).

In short, Plaintiff cannot obtain the relief she is requesting. This court does not have jurisdiction to overturn a state court decree terminating her parental rights, or to order that her children be returned

Plaintiff indicates her complaint is filed pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construing Plaintiff's Complaint, she is claiming that her right to substantive due process under the Fourteenth Amendment was violated when a CPS caseworker prepared a false affidavit. (Filing 1, p. 7.) S*ee King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (parents have a protected liberty interest in the custody, care, and management of their children). Even if the caseworker were to be named as a Defendant in this action, it appears she would be immune from suit. *See Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996) (absolute witness immunity applied to arguably false statements made by case worker in her affidavit in her role as witness before state court in ex parte proceedings that led to award of temporary protective custody of child to the state); *Hawley v. Nelson*, 968 F. Supp. 1372, 1392 (E.D. Mo. 1997) (juvenile officer protected by absolute immunity afforded to witnesses for allegedly filing false allegations of child abuse with county attorney and providing false information to juvenile court that resulted in issuance of detention order for plaintiffs' son), *aff'd*, 141 F.3d 1168 (8th Cir. 1998); *Lopez v. Kelly*, No. 8:16CV98, 2016 WL 3172749, at *2 (D. Neb. June 6, 2016) (dismissing complaint alleging the CPS caseworker prepared false affidavit).

The State of Nebraska, which is currently named as a Defendant, is immune from suit in federal court under the Eleventh Amendment. *See Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Child Protective Services, as a state agency, is likewise immune. *See id.* Moreover, a state is not a "person" as that term is used in § 1983. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200–01 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska or CPS. *See Deuerlein v. Nebraska CPS*, No. 8:18CV523, 2019 WL 2388272, at *3 (D. Neb. June 6, 2019), *reconsideration denied*, 2019 WL 3037084 (D. Neb. July 11, 2019), and *aff'd sub nom. Deuerlein v. Nebraska Child Protective Servs.*, 793 F. App'x 468 (8th Cir. 2020).

It is unclear from the Complaint whether Plaintiff intended to name Douglas County as a Defendant. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim alleged against Douglas County, Plaintiff would need to show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that Douglas County is responsible for the alleged violation of her constitutional rights. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679.

## IV. CONCLUSION

Because of the *Rooker-Feldman* doctrine and domestic relations exception, the court does not have jurisdiction over the claim alleged in Plaintiff's Complaint. The State of Nebraska also has Eleventh Amendment immunity. The Complaint fails to state a claim upon which relief may be granted against Douglas County. However, the court will allow an Amended Complaint to be filed within 30 days, in which event the court will conduct another initial review. If an Amended Complaint is not filed within 30 days, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: "May 20, 2020: check for amended complaint."

Dated this 20th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge